NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 31 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  COCA-COLA PRODUCTS MARKETING AND SALES PRACTICES LITIGATION (NO. II), _____ GEORGE ENGURASOFF; JOSHUA OGDEN; PAUL MERRITT; YOCHEVED LAZAROFF; RACHEL DUBE; RONALD SOWIZROL; MICHELLE MARINO; THOMAS WOODS,             Plaintiffs-Appellees,     v. COCA-COLA REFRESHMENTS USA, INC.; THE COCA-COLA COMPANY; THE COCA-COLA COMPANY; BCI COCA-COLA BOTTLING COMPANY; COCA COLA BOTTLING COMPANY OF SONORA, CALIFORNIA, INC.,             Defendants-Appellants. | No.    20-15742 D.C. No. 4:14-md-02555-JSW MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 12, 2021
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BERZON, CHRISTEN, and BADE, Circuit Judges.

Coca-Cola Refreshments U.S.A., Inc. ("Coca-Cola") appeals an order of the district court granting class certification in a multidistrict consumer action alleging mislabeling of Coke.[1]  Plaintiffs in this class action contend that phosphoric acid is a chemical preservative or an artificial flavor; that Coca-Cola misled the public by using the advertising slogan "*no artificial flavors. no preservatives added. since 1886*" even though Coke contains phosphoric acid; and that Coca-Cola continues to mislabel its product by not including a required disclosure that phosphoric acid is an "artificial flavor" or a "preservative."  "We review *de novo* a district court's determination of whether a party has standing" under Article III, *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 597 (9th Cir. 2020), and conclude that plaintiffs have not demonstrated a threat of future harm sufficient to support their claim for injunctive relief.  *See Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018).

## I

"To establish injury in fact [for Article III standing], a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"

---

[1]    This disposition uses "Coke" to refer to the specific soft drink sold by Coca-Cola at issue in this case: the "original formula," not any other varieties of soft drinks using the "Coke" name.

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). Under *Davidson*, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." 889 F.3d at 969 (citation omitted).

*Davidson* offered two non-exclusive examples of threatened future harm a consumer complaining of assertedly false labeling might plausibly allege: "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" and "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 969–70. In *Davidson*, the plaintiff contended that Kimberly–Clark falsely labeled its wipes as "flushable" and alleged that she "would purchase truly flushable wipes," a "desire . . . based on her belief that 'it would be easier and more sanitary to flush the wipes than to dispose of them in the garbage.'" *Id.* at 970–71. The alleged harm, "her inability to rely on the validity of the information advertised on Kimberly–Clark's wipes," was particular to Davidson,

3

who would be affected "in a personal and individual way" because of her desire to purchase the product as advertised. *Id.* at 971. And at the motion to dismiss stage, her plausible allegations that she "would purchase truly flushable wipes manufactured by Kimberly–Clark if it were possible" made the informational injury she suffered concrete. *Id.*

None of the plaintiffs in this case allege a desire to purchase Coke *as advertised*, that is, free from what they believe to be artificial flavors or preservatives, nor do they allege in any other fashion a concrete, imminent injury. Instead, as Plaintiffs explained in their brief, they have "each stated that if Coke were properly labeled, they would consider purchasing it." Under governing law, such an abstract interest in compliance with labeling requirements is insufficient, standing alone, to establish Article III standing. *See Spokeo*, 136 S. Ct. at 1550. Moreover, the imminent injury requirement is not met by alleging that the plaintiffs would *consider* purchasing Coke. *See Davidson*, 889 F.3d at 970.

II

Specifically, Engurasoff testified that he has not stopped drinking Coke but has not bought any since April or May of 2012. Engurasoff was not directly asked about future purchase decisions and did not submit a declaration. Dube testified that had she known that Coke contained artificial flavors and chemical preservatives in 2008, she would have bought "very limited quantities" of it

4

"[b]ecause I would have known that it wasn't as healthy an option as I thought it was." But she did not specify whether she would want to purchase Coke in the future. Without any stated desire to purchase Coke in the future, Engurasoff and Dube do not have standing to pursue injunctive relief. *See Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1088 (9th Cir. 2020).

Four plaintiffs, Ogden, Merritt, Sowizrol, and Lazaroff, submitted declarations stating that they "would consider purchasing" Coke depending on "several factors, including but not limited to what disclosures Coca-Cola provided regarding phosphoric acid or any other ingredient in Coke, whether Coca-Cola removed phosphoric acid, and what, if anything, replaced phosphoric acid, and the price of [Coke] relative to other beverages." To have standing to seek injunctive relief, the "threatened injury must be certainly impending to constitute injury in fact" and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis omitted) (citations omitted). These plaintiffs' declarations that they would "consider" purchasing properly labeled Coke are insufficient to show an actual or imminent threat of future harm. *Davidson*, 889 F.3d at 969.[2]

---

[2] Coca-Cola argues that plaintiffs cannot show standing because their decision to purchase Coke would turn on multiple factors "including some—such as price—that have no relationship to the relief they seek." The consideration of price is not dispositive. Nothing in *Davidson* required plaintiffs seeking

Finally, Woods and Marino explained that they were not concerned with phosphoric acid, but rather with whether Coca-Cola was telling the truth on its product's labels. Both asserted that they would be interested in purchasing Coke again if its labels were accurate, regardless of whether it contained chemical preservatives or artificial flavors. A plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 136 S. Ct. at 1550. And "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *TransUnion*, 141 S. Ct. at 2214 (2021) (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)). Woods' and Marino's desire for Coca-Cola to truthfully label its products, without more, is insufficient to demonstrate that they have suffered any particularized adverse effects.

As none of the plaintiffs here have demonstrated harm or imminence rising to the level of that alleged in *Davidson*, they have not adequately alleged an injury in fact and do not have standing to pursue injunctive relief.[3]

**REVERSED.**

---

injunctions in labeling cases to commit to buying the product at any price. We conclude only that these plaintiffs did not submit any evidence that they currently desire to purchase Coke.

[3] As we have determined that these plaintiffs have not alleged sufficient facts to support standing, we do not reach Coca-Cola's further contentions that plaintiffs have no risk of injury because Coke's ingredients appear on the label or that the district court erred in granting class certification.

6